William T. Cutter, Administrator of
William R. Thompson, deceased,

*v.*

Harvey M. Thompson *et al.*

</div>

1. Administrator—*of his powers respecting incumbrances upon lands sought to be sold to pay debts.* Upon an application for a rehearing of this case, the court adhere to the rule laid down in their original opinion, as reported *ante,* page 390, that an administrator has no power to involve an estate in litigation, under a pretense of removing an incumbrance from lands, with a view to a better price when it shall be offered for sale to pay debts.

2. CHANCERY—*of granting a part of the relief sought.* Where an administrator filed his bill in chancery seeking to remove a cloud upon a title to the land of the estate, with a view to obtaining a better price upon its being offered for sale to pay debts, and also prays for a decree to sell the land for such purpose, on the allegation that there is a deficiency of personal assets, the court may grant the order to sell the land, while the relief sought in relation to the subject of the alleged cloud upon the title may properly be refused, and such a bill should not be dismissed merely because the entire relief sought can not be granted.

This case was originally argued and determined at the September term, 1869, and is reported in this volume, page 390. At the September term, 1870, an application for a rehearing was made on behalf of the appellant, asking the court to review their former decision upon the question as to the power of an administrator to seek to have clouds removed from the title of lands belonging to the estate, with the view of obtaining a better price for them on a sale to pay debts.

The bill in this case sought relief of that character, and also prayed for a decree to sell the land to pay the debts of the estate, it being alleged there was a deficiency of personal assets for that purpose.

Mr. W. T. BURGESS, for the petitioner.

Per CURIAM: The petition for a rehearing in this cause has been duly considered, and we remain of the opinion already expressed, as to the power of an administrator to go into a county court, or a court of equity, to have an adjudication upon the title to the real estate he may desire to sell to pay the debts of his intestate, and to remove clouds or settle equities, and for the reasons therein given. We then said, the sole power conferred by the act of 1857, to the court, was, to ascertain if the personal estate has been properly applied in the payment of debts, and, if there be a deficiency, that portion of the real estate to which claim was set up by the intestate should be sold to make good the deficiency.

We are of opinion the court had power, in the case made, to grant an order to sell the land described, but not to adjudicate upon the different claims set up to it, and the circuit court should, if the proofs were satisfactory, have allowed the order of sale, and should not have dismissed the bill. The judgment of the circuit court, dismissing the bill, is reversed and the cause remanded, with directions to that court to grant an order of sale, should the proofs offered justify it.

*Decree reversed.*